**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2514-24

TIANLE LI,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted December 10, 2025 – Decided January 6, 2026

Before Judges Mayer and Gummer.

On appeal from the New Jersey Department of Corrections.

Tianle Li, self-represented appellant.

Matthew J. Platkin, Attorney General, attorney for respondent (Janet Greenberg Cohen, Assistant Attorney General, of counsel; Leo R. Boerstoel, Deputy Attorney General, on the brief).

PER CURIAM

Tianle Li, an inmate at a correctional facility, appeals from a March 26, 2025 final decision of the New Jersey Department of Corrections (DOC).  The DOC found Li guilty of prohibited act *.012 for "throwing bodily fluid at any person or otherwise" and imposed sanctions for that violation.[1]  Li contends the record lacked substantial evidence she had committed the prohibited act and that the DOC erroneously based its decision on a prior disciplinary infraction.  We disagree and affirm.

On March 20, 2025, another inmate informed an officer that Li had spit on her.  The officer spoke to Li, who asserted the other inmate had spit on her.  After another officer reviewed video evidence of the inmates' encounter, Li was charged with *.012, "throwing bodily fluid at any person or otherwise," a prohibited act under N.J.A.C. 10A:4-4.1(a)(1)(x).  Li was served with notice of the disciplinary charge.  She pleaded not guilty and did not request counsel substitute.

A disciplinary hearing officer conducted a hearing.  The hearing officer considered officers' reports and video evidence of the incident.  Li declined the

---

[1] "Prohibited acts preceded by an asterisk (*) are considered the most serious and result in the most severe sanctions."  N.J.A.C. 10A:4-4.1(a).

opportunity to call witnesses in her defense. She pleaded not guilty and stated: "I'm totally innocent. She spit on me before. I did not spit on her."

The hearing officer found Li guilty of prohibited act *.012. Referencing the officers' reports and the video as evidence of Li's guilt, the hearing officer concluded Li was seen on the video spitting on the other inmate. The hearing officer imposed ninety days in the restorative housing unit (RHU), ninety days' loss of commutation time, and thirty days' loss of phone, JPay, email, canteen, and media-download privileges.[2] Under the "[r]eason(s) for sanction(s)" section of the adjudication report, the hearing officer referenced, among other things, Li's prior disciplinary history, specifically her "[l]ast charge," which the hearing officer described as prohibited act *.256 on March 4, 2025. Prohibited act *.256 is based on a violation of N.J.A.C. 10A:4-4.1(a)(2)(xvii), "refusing to obey an order of any staff member."

---

[2]   Pursuant to N.J.A.C. 10A:5-9.2, an RHU is "a structured, controlled environment where inmate behavior shall be closely monitored and documented by a team of custody and civilian staff." Commutation credit is awarded to inmates, pursuant to N.J.S.A. 30:4-140, "for continuous orderly deportment." JPay is "a service that allows individuals to transfer money to inmates." Libertarians for Transparent Gov't v. Cumberland Cnty., 465 N.J. Super. 11, 14 (App. Div. 2020).

A-2514-24

Li administratively appealed to the DOC the hearing officer's decision on the *.012 charge. The DOC reduced the RHU time to sixty days and upheld the finding of guilt and the other sanctions.

On appeal to this court, Li argues the evidence did not support the hearing officer's conclusion she had spat on the other inmate, thereby committing prohibited act *.012. Li further argues the *.012 violation should be dismissed because the hearing officer erred in basing the disposition of the *.012 charge on the prior *.256 charge. We disagree.

"Our review of an administrative agency's final determination is limited." Columbia Fruit Farms, Inc. v. Dep't of Cmty. Affs., 470 N.J. Super. 25, 36 (App. Div. 2021). In reviewing an agency decision, we determine: "1) whether the decision is consistent with the agency's governing law and policy; 2) whether the decision is supported by substantial evidence in the record; and 3) whether, in applying the law to the facts, the agency reached a decision that could be viewed as reasonable." Id. at 37. "We will disturb an agency's adjudicatory decision only upon a finding that the decision is 'arbitrary, capricious or unreasonable,' or is unsupported 'by substantial credible evidence in the record as a whole.'" Blanchard v. N.J. Dep't of Corr., 461 N.J. Super. 231, 237-38 (App. Div. 2019) (quoting Henry v. Rahway State Prison, 81 N.J. 571, 579-80

4

(1980)); see also M.R. v. N.J. Dep't of Corr., 261 N.J. 322, 337 (2025). The challenger of the agency decision bears the burden of proving the decision was "arbitrary, unreasonable or capricious." In re M.M., 463 N.J. Super. 128, 136 (App. Div. 2020) (quoting McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 563 (App. Div. 2002)). We are not bound by an agency's statutory interpretation or other legal determinations and review those de novo. Conley v. N.J. Dep't of Corr., 452 N.J. Super. 605, 613 (App. Div. 2018).

In an appeal from a final DOC decision in a prisoner disciplinary matter, we consider whether the record contains substantial evidence to support the decision the inmate committed the prohibited act. Blanchard, 461 N.J. Super. at 237-38; see also N.J.A.C. 10A:4-9.15(a) ("finding of guilt at a disciplinary hearing shall be based upon substantial evidence"). "Substantial evidence has been defined alternatively as 'such evidence as a reasonable mind might accept as adequate to support a conclusion,' and 'evidence furnishing a reasonable basis for the agency's action.'" Blanchard, 461 N.J. Super. at 238 (quoting Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 192 (App. Div. 2010)).

Having reviewed the record, we are satisfied it contains substantial credible evidence that supports finding Li guilty of prohibited act *.012. The

video evidence and the officers' reports supported the determination that Li had spat on another inmate.

Li faults the hearing officer for basing the disposition of the *.012 charge on the prior *.256 charge, contending the charges were unrelated and fabricated and that the *.012 charge was made in retaliation to her grievances about the *.256 charge. Nothing in the record indicates the hearing officer who found Li guilty of the *.012 charge had based that finding on the *.256 charge. To the contrary, the hearing officer stated she had relied on the video evidence and the officers' reports in determining Li's guilt.

An inmate is generally "entitled to individualized reasons for the specific sanctions imposed." Malacow v. N.J. Dep't of Corr., 457 N.J. Super. 87, 97 (App. Div. 2018). Under N.J.A.C. 10A:4-9.17(a), a disciplinary hearing officer may individualize a sanction by considering the following factors:

> 1. Offender's past history of correctional facility adjustment;
>
> 2. Setting and circumstances of the prohibited behavior;
>
> 3. Involved inmate's account;
>
> 4. Correctional goals set for the inmate; and
>
> 5. The inmate's history of, or the presence of, mental illness.

6

See also Malacow, 457 N.J. Super. at 97. Thus, N.J.A.C. 10A:4-9.17(a)(1) expressly authorizes a hearing officer to consider an inmate's "past history of correctional facility adjustment." Furthermore, "the use of these or other sanctioning factors[] is left 'entirely to the discretion of the [hearing officer].'" Malacow, 457 N.J. Super. at 97 (quoting Mejia v. N.J. Dep't of Corr., 446 N.J. Super. 369, 378 (App. Div. 2016)).

Pursuant to N.J.A.C. 10A:4-4.1(a)(1)(x), prohibited act \*.012 is a Category A offense. N.J.A.C. 10A:4-4.1(a)(1) provides that an inmate found guilty of a Category A offense may receive time in an adjustment unit[3] and the RHU as well as one or more of the sanctions listed in N.J.A.C. 10A:4-5.1(e):

> 1. Loss of one or more correctional facility privileges up to 30 calendar days;
>
> 2. Loss of commutation time up to 365 calendar days, subject to confirmation by the Administrator . . . ;
>
> 3. Loss of furlough privileges for up to two months;
>
> 4. Up to two weeks confinement to room or housing area;
>
> 5. Any sanction prescribed for On-The-Spot Correction (see N.J.A.C. 10A:4-7);

---

[3] Pursuant to N.J.A.C. 10A:5-8.1(a), an inmate may be placed in an adjustment unit "when there is reasonable cause to believe that the inmate would create a substantial risk of serious harm to himself, herself, or another . . . ."

6. Confiscation;

7. Up to 14 hours extra duty, to be performed within a maximum of two weeks; and/or

8. Loss of tablet or similar handheld electronic device for up to 30 calendar days.

[N.J.A.C. 10A:4-5.1(e).]

Having found Li guilty of a Category A offense, the hearing officer was authorized to impose on her one or more of the sanctions enumerated in N.J.A.C. 10A:4-5.1(e). In imposing those sanctions, the hearing officer considered the factors enumerated in N.J.A.C. 10A:4-9.17(a), including Li's "past history of correctional facility adjustment." N.J.A.C. 10A:4-9.17(a)(1). The DOC reduced the RHU time imposed and upheld the other sanctions. On that record, we have no basis to disturb the DOC's findings regarding the sanctions imposed on Li. Li's bald assertion that the *.012 charge was made in retaliation to her grievances about the *.256 charge is unsupported in the record.

Li failed to demonstrate the DOC's decision finding her guilty of committing prohibited act *.012 and imposing sanctions for that violation was "'arbitrary, capricious or unreasonable,' or . . . unsupported 'by substantial credible evidence in the record as a whole.'" Blanchard, 461 N.J. Super. at 237-

38 (quoting <u>Henry</u>, 81 N.J. at 579-80).  Accordingly, we affirm the DOC's March 26, 2025 final decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-2514-24